IN THE COURT OF
CRIMINAL APPEALS

                                   OF
TEXAS

 

                                                                              

                                                                NO.
AP-75,185



 

 

                                                 EX PARTE SIMON LEE RILEY

 



                          ON
APPLICATION FOR A WRIT OF HABEAS CORPUS

                                                 FROM
TOM GREEN COUNTY



 

Cochran, J., filed a concurring
opinion, in which Womack, J.,
joined.

 

                                                     O
P I N I O N 

 

I agree that applicant is entitled to
habeas corpus relief and an opportunity to file an out-of-time petition for
discretionary review.   However, I think that applicant=s attorney was, in fact,
constitutionally ineffective in failing to protect his client=s right to timely file a petition for
discretionary review.

Rule 4.5 of the Texas Rules of
Appellate Procedure (TRAP) sets out the procedure for obtaining additional time
to file a petition for discretionary review when a party has not received
timely notice of the decision by the court of appeals.  








In the present case, the record shows
that the Third Court of Appeals rendered its decision affirming applicant=s conviction on May 1, 2003.  The
court of appeals mailed a copy of that opinion to applicant=s appellate counsel on the same day. 
Applicant=s attorney apparently did not receive this notice.  He did, however,
learn about the court of appeals=s judgment from the district attorney
on July 7, 2003.  This was sixty-eight days after the judgment and opinion were
filed.

Under TRAP 4.5(c), if a party or his
attorney did not receive notice of the judgment or order of the court of
appeals until after the time has expired for filing a petition for
discretionary review, that party may file a motion with this Court requesting
additional time in which to file such a petition.  That motion must be filed
within fifteen days of the date on which the party or his attorney received
actual notice of the order Abut in no event more than 90 days after the date of the
judgment or order.@  Tex. R. App. P.
4.5(b).

In this case, applicant=s attorney received actual notice of
the appellate court=s judgment in ample time to  (1) inform his client of the
affirmance of his conviction; and (2) prepare an affidavit setting out the facts
that he had not received a copy of the judgment, but did receive actual notice
of the order sixty-eight days later; and (3) prepare a motion on applicant=s behalf to file pro se with
this Court requesting an extension of time should applicant desire to file a pro
se petition for discretionary review.  








If this Court, upon receiving such a
motion, finds that a party=s attorney did not timely receive notice or have actual
knowledge of the judgment, then this Court must grant the motion for extension
of time.  TRAP 4.5(d).   And that finding would have given applicant thirty
days in which to file a pro se petition for discretionary review once
his motion for additional time was granted.  Id.

This rule is simple; it is clear; it
has been the controlling law since 1997.  I can think of no plausible reason or
strategic rationale for applicant=s attorney=s failure to at least inform his
client of TRAP 4.5 and explain its significance.  Had he done so, applicant
would not have wasted three years before obtaining his right to file a pro
se petition for discretionary review.

I concur in the Court=s judgment.

 

Filed: June 7, 2006

Publish